JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Michael Brumley pleaded guilty to one count of rape, the victim being less than thirteen years old at the time of the offense. The court sentenced Brumley to six years in prison. In this appeal, Brumley complains that the sentence is invalid because the court failed to engage in the required proportionality review by inquiring into the circumstances of the offense — primarily that the victim led Brumley to believe that she was "of age" so that his crime was a mistake of age in an otherwise consensual act.
 {¶ 2} The sentencing statutes contain two different kinds of proportionality review. The first is a general proportionality review under R.C. 2929.11(B). That section states:
 {¶ 3} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentences * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 4} The second kind of proportionality review is conducted when the court imposes consecutive sentences pursuant to R.C. 2929.14(E)(4), in which the court must determine that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *."
 {¶ 5} In State v. Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571, we stated at ¶ 20:
 {¶ 6} "While R.C. 2929.14(E)(4) demands the trial court make findings on the record to evidence the proportionality of consecutive sentences, R.C. 2929.11 entails no such burden. The reason for this disparity is clear from Senate Bill 2's construction. As we previously noted, R.C. 2929.11 sets forth Ohio's purposes and principles of felony sentencing, which are to be implemented by sentencing courts via application of sections such as R.C. 2929.14(E)(4). R.C. 2929.11 does not require findings; rather it sets forth objectives for sentencing courts to follow."
 {¶ 7} Consequently, the court had no obligation to make any specific findings on the proportionality of Brumley's sentence, aside from those it validly made when considering the purposes and principles of R.C. 2929.11. See, also, State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341; State v. Scott, Cuyahoga App. No. 82146, 2003-Ohio-4066; State v. Hunt, Cuyahoga App. No. 81305, 2003-Ohio-175.
 {¶ 8} Even had there been an express duty for the court to state factors going to the proportionality of the sentence, we would not reverse the court because Brumley has made no attempt to show us that his sentence is directly disproportionate to sentences given out in similar cases. See State v. Elder, Cuyahoga App. No. 80677, 2002-Ohio-3797, at ¶ 31. And it bears noting that the court specifically noted that it was fashioning the sentence to be "consistent with sentences for similar crimes by similar offenders." To that end, the court sentenced Brumley to six years in jail for an offense that required a prison sentence (Brumley had previously served a prison term) and which carried a possible term of three to ten years. Under the circumstances, we cannot say that the sentence is disproportionate.
 {¶ 9} The judgment is affirmed.
Judgment affirmed.
Kenneth A. Rocco, A.J., and James J. Sweeney, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.