JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant William Medina appeals from the four-year prison sentence imposed by the trial court following his guilty plea and conviction for felonious assault, a felony of the second degree. For the reasons that follow, we affirm.
 {¶ 2} Defendant and his co-defendant wife went to trial on multiple counts, which included aggravated robbery and attempted murder with gun specifications. The trial court declared a mistrial when a hold-out juror had a heart attack during deliberations. Subsequently, defendant and his wife continued to maintain their innocence but decided to accept pleas offered by the State whereby defendant pled guilty to one count of felonious assault and the remaining charges and specifications against him were dismissed and deleted.
 {¶ 3} At the sentencing hearing, the court reviewed the pre-sentence investigation report and victim impact statement. In addition, the court heard testimony offered on behalf of the defendant and his wife. The victim testified about the damages and injuries he has sustained as a result of the crime to which defendant pled guilty. The victim was assaulted with a baseball bat with such force that it left an imprint on his head that requires further surgery. The victim testified that as a result of the attack, he continues to be in pain; has been unable to work for over a year; has lost his house; has incurred an unsubstantiated amount of medical expenses; and has suffered additional financial hardships. The court ordered defendant to serve a four-year prison sentence but indicated a willingness to consider judicial release at a future date. On appeal, defendant contends that the trial court failed to comply with Ohio's sentencing laws.
 {¶ 4} "I. The record does not clearly and convincingly support the four year prison term in violation of State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165 and R.C. 2953.08."
 {¶ 5} Defendant claims that the record does not clearly and convincingly support the imposition of a four-year sentence, which is more than the minimum sentence allowed, because defendant has not previously served a prison term. Defendant also contends that the record precludes a "meaningful review" as contemplated by the Ohio Supreme Court in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. These arguments lack merit.
 {¶ 6} The applicable version of R.C. 2929.14(B) provides in relevant part, as follows:
 {¶ 7} "(B) Except as provided * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender has not previously served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 8} In addressing the trial court's discretion in deviating from imposing the shortest prison term, the Ohio Supreme Court directs that "a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum." State v. Edmonson (1999), 86 Ohio St.3d 324, 327. However, the trial court need not give its reasons. Id; accordState v. Comer, 99 Ohio St.3d 463 at ¶ 26 (court must makestatutory findings on the record with respect to imposing a non-minimum sentence when R.C. 2929.14(B) applies). The court must orally note on the record that "it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Edmonson, 86 Ohio St.3d at 326.
 {¶ 9} In imposing sentence, the trial court meticulously complied with Ohio's sentencing scheme and followed the directives laid out by the Ohio Supreme Court in Comer. We have excerpted the following comments from the record:
 {¶ 10} "The Court has to review the principles and purposes of the sentencing guidelines under 2929.11, the overriding purpose being to punish the offender, to protect the public from future crime by the offender and others. Also, the court needs to consider and has considered the need for incapacitation, deterrence, rehabilitation, and restitution.
 {¶ 11} "The sentence the Court hands down will not demean the seriousness of the offender's conduct and its impact on the victim, and is consistent with sentencing for similar crimes by similar offenders.
 {¶ 12} "In this case, each defendant pled guilty to different offenses. Therefore, the Court has to consider each defendant differently * * *." (Tr. 44-45).
 {¶ 13} The court went on to consider and weigh the more and less serious factors and the factors weighing for and against the likelihood of recidivism set forth in R.C. 2929.12. The court noted that the victim suffered serious physical and psychological harm. Although the victim had alleged serious, yet unsubstantiated economic harm, the court found that the victim had at least suffered some economic harm. The court detailed the significant injuries and violent nature of the attack on the victim. The court found recidivism unlikely.
 {¶ 14} With respect to defendant, the court noted that a felony of the second degree carries a presumption in favor of prison. The court went on to explain that" the Court reviewed the seriousness and recidivism likely factors, [and couldn't] find that the recidivism more likely factors outweighed by the recidivism less likely factors * * * but due to the serious injury that [the victim] did suffer; physically, emotionally, psychologically, and economically, to not give [defendant] prison time would demean the seriousness of the offense that [he] committed. As the testimony elicited, it was [defendant] with the baseball bat hitting [the victim] causing his serious injuries.
 {¶ 15} "* * * I am ordering [defendant] to serve four years in prison. You're also ordered to serve up to three years of post release control supervision upon your release from prison * * *.
 {¶ 16} "The Court finds that that sentence adequately protects the public from you and punishes you for the crime that you committed. But, as I stated earlier, * * * Recidivism more likely factors, I can't find any. And I find many recidivism less likely, but to give the shortest amount of sentence of two years, which I have to consider first, would demean the seriousness of the offense that you committed due to the nature and circumstances of the injury [the victim] suffered.
 {¶ 17} "I can't find, as the prosecutor has argued, that it is the worst form of the offense, because I have seen much worse felonious assaults with much more serious injuries than what [the victim] has suffered. So I don't think the eight-year prison term or anywhere near that is an appropriate sentence.
 {¶ 18} "The sentence that I have handed down for felonious assault with the serious injuries that [defendant] did commit upon the victim is similar and like penalties for these type of offenses handed down throughout the State of Ohio." (Tr. 51-53).
 {¶ 19} Defendant's sentence is capable of meaningful review on appeal. The trial court made a requisite statutory finding on the record to explain its deviation from imposing the minimum sentence as required by R.C. 2929.14(B). Having reviewed the entire record, we find that the trial court's sentence is supported by clear and convincing evidence and, therefore, decline to modify the sentence pursuant to R.C. 2953.08.
 {¶ 20} Assignment of Error I is overruled.
 {¶ 21} "II. The record does not clearly and convincingly support the court's conclusion that the four year sentence is consistent with sentences imposed in similar cases with similar offenders in violation of R.C. 2929.11(B), State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165 and State v. Lyons."
 {¶ 22} R.C. 2929.11(B) provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 23} Defendant contends that the trial court failed to assure that his sentence was consistent with sentences imposed for similar crimes committed by similar offenders. The record, however, clearly reflects that the trial court considered this aspect of the law more than once in imposing defendant's sentence. Ibid.
 {¶ 24} Defendant complains that the trial court did not mention any case by name or number or refer to a case where the court had sentenced someone to a similar sentence for a similar offense. We find no authority in the statutes or case law that would compel the trial court to specifically enumerate cases by name or number. The court did expressly mention other felonious assault cases it had encountered when it determined not to impose the maximum penalty. Immediately thereafter, the court stated the imposed sentence "is similar and like penalties for these type of offenses handed down throughout the State of Ohio." Thus, we find that the record in this case is distinguishable from those this Court examined in either State v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424 or State v. Johnson, Cuyahoga App. No. 80857, 2003-Ohio-1826 where this Court was unable to discern any attempt or indication that the trial court had considered this principle of felony sentencing. With respect to defendant's reliance on Comer, we note that there is no statutory requirement that the trial court make any specific finding on the record with regard to this issue. This is unlike the statutory provisions addressed in Comer that require the court to state certain findings or give reasons on the record such as R.C.2929.14(B). Based on the foregoing, we find that the trial court complied with the law in attempting to impose a sentence tailored to the purposes of felony sentencing, including that it be consistent with sentences imposed on similar crimes committed by similar offenders.
 {¶ 25} Assignment of Error II is overruled.
 {¶ 26} Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., concur.