JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jerry Dedrick appeals from the trial court's decision at a resentencing hearing again to impose concurrent sentences of four years each for his convictions for robbery and felonious assault.
 {¶ 2} Appellant asserts the trial court's decision to impose more than the minimum term for each offense lacks support in the record; he contends his sentence is excessive under the circumstances. However, this court cannot agree. Therefore, appellant's sentence is affirmed.
 {¶ 3} Appellant originally was indicted in this case on three counts that charged him with attempted murder, aggravated robbery, and felonious assault. The record reflects that late on the night of December 26, 2001, appellant suddenly attacked an older neighbor without either provocation or warning. Using a screwdriver, appellant stabbed the victim fifteen times in the back and head as the victim tried to escape; appellant ceased the attack only when the victim's wife came into view.
 {¶ 4} Appellant eventually negotiated a plea agreement; he entered a guilty plea to one count of robbery and one count of felonious assault. The trial court permitted appellant to obtain two psychological evaluations and ordered a presentence report before sentencing him to concurrent terms of four years on each count.
 {¶ 5} Appellant's resentencing hearing resulted from his successful first appeal of his sentence. Therein, appellant argued pursuant to R.C. 2929.14(B)(2) that the trial court had failed to make "findings on the record" that justified imposing upon him more than the minimum term for each offense, since he was an offender who previously had not served a prison term. After considering the trial court's statements in State v.Dedrick, Cuyahoga App. No. 81852, 2003-Ohio-2871, this court determined appellant's argument had merit. The case thus was remanded for a resentencing hearing.
 {¶ 6} Upon remand, the trial court conducted the matter as a "sentencing de novo." The trial court indicated it had reviewed all of the reports, then permitted the prosecutor, the victim, defense counsel, and appellant to speak. After considering the circumstances, the trial court stated in pertinent part as follows:
 {¶ 7} "* * * [T]his is a situation where the Court is awarethat this defendant has not [previously] been to prison, and I am thus considering the minimum sentence, and I exclude that
from my consideration because of the seriousness — that theshortest prison term will demean the seriousness of theoffender's conduct, the fact that there were serious physical and psychological injuries, and that the victim was stabbed 15 times and still is in fear over this situation, over this incident.
 {¶ 8} "Further, this Court believes that this sentence isconsistent with other sentences for this type of crime, and for the injuries that resulted here * * *." (Emphasis added.)
 {¶ 9} The trial court thereupon imposed upon appellant the same sentence as it had originally, viz., concurrent terms of four years.
 {¶ 10} Appellant presents the following assignment of error in the instant appeal:
 {¶ 11} "The trial court erred by sentencing the defendant to more than the minimum term for his convictions of (sic) Felonious Assault, R.C. [Section] 2903.11, and Robbery, R.C. [Section]2911.02."
 {¶ 12} Appellant again challenges the trial court's decision to impose upon him more than the minimum term for each offense. Appellant asserts the trial court's comments were inadequate to comply with statutory requirements, essentially on the basis that the total term of four years is excessive. This court disagrees.
 {¶ 13} First, this court notes appellant was convicted of two second-degree felonies. The permissible sentence for each of these crimes is two to eight years. R.C. 2929.14(A)(2). Since the trial court's sentence of four years totals two years for each offense, appellant in actuality will serve only the minimum term for each offense.
 {¶ 14} In any event, the trial court's comments demonstrate it deviated from the minimum term because it specifically found one "of the two statutorily-sanctioned reasons" warranted that decision. State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. In accordance with R.C. 2929.14(B), the trial court stated that a term of only two years would "demean the seriousness of" appellant's conduct. State v. Hudak, Cuyahoga App. No. 82108, 2003-Ohio-3805.
 {¶ 15} The trial court is not required to give further explanation for its decision. State v. Edmonson, supra; Statev. Coleman, Cuyahoga App. No. 82394, 2004-Ohio-234. Nevertheless, the trial court indicated appellant's persistence in stabbing his victim as the victim tried to escape from the attack made the crimes particularly atrocious. State v. Hudak,
supra.
 {¶ 16} Appellant's further contention that the trial court failed to engage in a "proportionality" analysis is similarly unsupportable. This court has held the trial court, pursuant to R.C. 2929.11(B), need only make comments at the hearing that "reflect the court considered that aspect of the statutory purpose in fashioning the appropriate sentence." State v.Fortson, Cuyahoga App. No. 82231, 2003-Ohio-2753, citing Statev. Edmonson, supra. The trial court complied with the foregoing requirement. State v. Coleman, supra.
 {¶ 17} For these reasons, the trial court committed no error in resentencing appellant in this case. Appellant's assignment of error, accordingly, is overruled.
 {¶ 18} Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Cooney, J. Concur.