JOURNAL ENTRY AND OPINION
{¶ 1} Van Le appeals his sentence imposed after pleading guilty to aggravated robbery, a first-degree felony, in violation of R.C. 2911.01, and felonious assault, a second-degree felony, in violation of R.C.2903.11. The court sentenced Mr. Le to maximum, consecutive terms on each count followed by a five-year term of post-release control. For the following reasons, we affirm.
 {¶ 2} On November 16, 2003, Mr. Le drove his vehicle to a store located at 6402 Lorain Avenue in Cleveland, Ohio, which was owned and operated by victim Srey Trinh. While in the parking lot, Mr. Le opened the hood of Trinh's vehicle and removed the spark plugs. Mr. Le then entered the store and approached the counter with a CD in his hand. When Trinh turned away from Mr. Le, he attacked her with a pipe, beating her repeatedly for approximately five minutes. During the beating, Mr. Le asked Trinh if she wanted to die. Mr. Le then removed $160.00 from the cash register and fled the store. Store surveillance captured the attack on video.
 {¶ 3} Trinh managed to get herself to a neighboring bar where witnesses called 911. One witness ran after Mr. Le and documented his license plate number as he drove off. Trinh was transported to Metro Hospital where hospital staff treated her for serious injuries to her head, arms, and hands. The victim spent five days at Metro and then spent an additional five days in a rehabilitation facility/nursing home. At the time of this appeal, Trinh still suffered from physical and mental trauma.
 {¶ 4} On December 24, 2003, the grand jury returned an indictment against Mr. Le charging him with aggravated robbery, two counts of felonious assault, kidnapping, resisting arrest, and attempted aggravated murder. Mr. Le pled not guilty at his December 30, 2003 arraignment. On February 27, 2004, Mr. Le pled guilty to aggravated robbery, a first-degree felony, and one count of felonious assault, a second-degree felony. The State of Ohio dismissed the remaining counts of the indictment, and Mr. Le waived his right to a presentence investigation.
 {¶ 5} Prior to his plea, the court psychiatric clinic performed "competency to stand trial" and "sanity at the time of the act" evaluations pursuant to R.C. 2945.371(A). Dr. Kausch found Mr. Le to be competent to stand trial and also found him to be sane at the time of the attack. Dr. Kausch noted, however, that Mr. Le informed him that the attack would never have occurred if he had been sober, and that his behavior was due to voluntary intoxication. Mr. Le completed high school as well as one year at Cleveland State University.
 {¶ 6} On March 10, 2004, the trial court sentenced Mr. Le to maximum, consecutive sentences of ten years on count one of aggravated robbery, and eight years on count two of felonious assault, for a total prison term of eighteen years. The court also ordered a five-year term of post-release control. Mr. Le appeals this sentence and raises four assignments of error.
{¶ 7} Standard of Review:
 {¶ 8} This court reviews a felony sentence de novo. R.C. 2953.08. A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C.2953.08(G)(2); State v. Hollander, 144 Ohio App.3d 565; State v. Rigo
(June 21, 2001), Cuyahoga App. No. 78761. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469.
 {¶ 9} In his first assignment of error, Mr. Le argues that the trial court committed prejudicial error in violation of R.C. 2929.14, by imposing maximum, consecutive sentences. This assignment lacks merit.
 {¶ 10} R.C. 2929.14 requires the trial court to undergo three levels of analysis prior to imposing maximum, consecutive sentences. First, R.C. 2929.14(B) requires the trial court, if it decides to impose a prison sentence, to impose the shortest prison term authorized for the offense unless it finds one of the following:
"(1) The offender was serving a prison term at the time of theoffense, or the offender previously had served a prison term.
 "(2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others."
 {¶ 11} Second, pursuant to R.C. 2929.14(C), a trial court may only impose the maximum prison sentence upon "offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
 {¶ 12} Finally, pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for convictions of multiple offenses only after it makes the following determinations:
"[T]hat consecutive service is necessary to protect the public fromfuture crime or to punish the offender, and that consecutive sentencesare not disproportionate to the seriousness of the offender's conduct andto the danger the offender poses to the public, and if the court alsofinds any of the following:
 "(a) The offender committed the multiple offenses while the offenderwas awaiting trial or sentencing, was under a sanction imposed pursuantto section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was underpost-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusualthat no single prison term for any of the offenses committed as part of asingle course of conduct adequately reflects the seriousness of theoffender's conduct.
 "(c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender."
 {¶ 13} See, also, State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 14} When a trial court imposes consecutive sentences under 2929.14, it must also comply with R.C. 2929.19(B)(2)(c), which requires that the court "make a finding that gives its reasons for selecting the sentences imposed." This requirement is separate and distinct from the duty to make findings required by R.C. 2929.14(E)(4). Comer,99 Ohio St.3d at 467. Additionally, "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at 468. These findings and reasons need not "directly correlate each finding to each reason or state a separate reason for each finding," but must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision. State v. Reid, Cuyahoga App. No. 83206, 2004-Ohio-2018, citing State v. Cottrell, Cuyahoga App. No. 81356, 2003-Ohio-5806.
 {¶ 15} In the present case, the trial court complied with all of the requirements of R.C. 2929.14. The court made the following findings on the record:
"[T]he shortest amount of time would certainly demean the seriousnessof the offense that you committed and would not adequately protect thepublic. "* * *
"[I]n order to protect the public, adequately protect the public frompeople like you and from you, the Court finds that you committed the worstform of the offense; that you pose the greatest likelihood of committingfuture crimes, and that consecutive sentences would be necessary toprotect the public and punish you, the offender, and deter others fromcommitting similar or like offenses.
 "[I]t would not be disproportionate to your conduct and the danger thatyou pose to others, and to send a message to people who go to hurt androb and beat and harm store owners, that a single term would not be so —with the harm so great and unusual that a single term does not adequatelyreflect the seriousness of your conduct, and so the Court agrees with theState of Ohio and finds that consecutive maximum sentences areappropriate." Tr. at 52-55
 {¶ 16} Furthermore, the trial court complied with R.C. 2929.19(B)(2)(c). During the sentencing of Mr. Le, the Court gave its reasons for selecting consecutive sentences and aligned those reasons with the specific findings quoted above. Specifically, the Court coupled the serious injuries suffered by Trinh, the threat to other merchants in the area, the extremely violent nature of the act, the proportionality of Mr. Le's conduct and the punishment, and the danger posed by Mr. Le with the findings made above. It is clear to this court why the trial court imposed its sentence.
 {¶ 17} Because the Court complied with the requirements of R.C. 2929.14, Mr. Le's first assignment of error is overruled.
 {¶ 18} In his second assignment of error, Mr. Le argues that "the record does not clearly and convincingly support the court's conclusion that the maximum consecutive sentence imposed in this case is consistent with sentences imposed in similar cases with similar offenders in contravention of R.C. 2929.11(B) and State v. Comer (2003),99 Ohio St.3d 463." This assignment lacks merit.
 {¶ 19} R.C. 2929.11(B) requires felony sentences to be reasonably calculated to achieve the purposes of protecting the public from future crimes by the offender and to punish the offender. Additionally, the sentence should not demean the seriousness of the offender's conduct nor demean the impact on the victim and should be consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 20} Mr. Le argues that the trial court failed to ensure that his sentences were consistent with sentences imposed for similar crimes committed by similar offenders. The record shows that the trial court considered this aspect in imposing Mr. Le's sentence. Specifically, the trial court made the following statements with regards to the requirements of 2929.11(B):
"The sentence shall be commensurate with and not demeaning to theoffender's conduct and its impact on the victim, and consistent withsentences for similar crimes by similar offenders." Tr. at 46-47
"I have sentenced others in the past and I have given them lengthy,long, maximum consecutive sentences and I've been affirmed numeroustimes. For another case that comes to mind where a crowbar was used uponthe neighbor, I gave a lot more time, as there were a lot more offensesthat the defendant pled guilty to." Tr. at 54-55
 {¶ 21} Mr. Le complains that the trial court did not mention any case by name or refer to a case where the court had sentenced someone to a similar sentence for a similar offense. Neither R.C. 2929.11(B) norComer require the trial court to specifically mention cases by name or number or to make any specific finding on the record with regards to this issue. State v. Medina, Cuyahoga App. No. 83261, 2004-Ohio-2863. Here, the trial court specifically mentioned another case involving a similar act in which the offender received maximum, consecutive sentences. The trial court even noted that Mr. Le was receiving less prison time because the other offender had committed more offenses. Furthermore, the trial court immediately thereafter stated that consecutive, maximum sentences are not disproportionate and are appropriate.
 {¶ 22} Accordingly, we find that the trial court complied with the law in attempting to impose a sentence tailored to the purposes of felony sentencing, including that it be consistent with sentences imposed on similar crimes committed by similar offenders. Id. at 10. Mr. Le's second assignment of error is overruled.
 {¶ 23} Mr. Le's third assignment of error argues that, since his maximum, consecutive sentence was based on judicial findings as opposed to jury finding and/or stipulation, his sentence was imposed in violation of the fifth, sixth, and fourteenth amendments to the United States Constitution and Blakely v. Washington (2004), 124 S.Ct. 2531. This assignment lacks merit.
 {¶ 24} There is conflicting authority on this issue; however, a majority of Ohio courts deciding this issue have found Blakely
inapplicable. See State v. Monford, Hamilton App. No. C-030606,2004-Ohio-5616, citing State v. Eckstein, Hamilton App. No. C-030139,2004-Ohio-5059; State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598; State v. Henry, Delaware App. No. 2004-CAA-06-047,2004-Ohio-6711; State v. Stambolia, Trumbull App. No. 2003-T-0053,2004-Ohio-6945; State v. Berry, Butler App. No. CA2003-02-053.
 {¶ 25} A strict reading of Blakely requires that a jury must determine "any fact" that increases "the prescribed statutory maximum" sentence. However, a majority of Ohio courts have interpreted Blakely broadly and found that a "minimum sentence" as referenced in R.C. 2929.14(B) is not a "statutory maximum." Therefore, a trial court's imposition of maximum sentences for a defendant who has not previously served a prison term does not implicate Blakely where the sentence imposed was within the range authorized by state law. See State v. Glass, Cuyahoga App. No. 83950, 2004-Ohio-4495 (Rocco, J., dissenting); State v. Murrin, Cuyahoga App. No. 83482, 2004-Ohio-6301 (Gallagher, J., dissenting). Here, Mr. Le's ten- and eight-year prison sentences were within the range for first- and second-degree felonies and therefore, do not implicate Blakely.
 {¶ 26} Mr. Le's third assignment of error is overruled.
 {¶ 27} In his fourth and final assignment of error, Mr. Le argues that his trial counsel was ineffective and/or the trial court committed plain error in failing to recognize appellant's defense of voluntary intoxication. This assignment of error lacks merit.
 {¶ 28} Appellant's entire argument in this matter is framed as though appellant went to trial and was convicted after his counsel failed to raise the defense of voluntary intoxication. Such is clearly not the case. In the instant matter, defendant pled guilty in a plea bargain. In this appeal, defendant does not challenge the knowingness and voluntariness of the plea, nor does he allege that counsel failed to provide the appropriate advice as to that plea, but rather he requests only that "the sentence imposed with regard to the above-captioned matter should be vacated and this case should be remanded for a new sentencing hearing."
 {¶ 29} In short, the only issue raised by defendant is the sentence. At the sentencing hearing, defendant's counsel did in fact raise the issue of voluntary intoxication as a mitigating factor, and apparently the judge was unconvinced. (Tr. at 47-49, 52-53).
 {¶ 30} Accordingly, Mr. Le's fourth assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese Jr., P.J., And McMonagle, J. Concur