JOURNAL ENTRY and OPINION
{¶ 1} After entering pleas of guilty to two counts of rape, one count of kidnapping with a sexual motivation specification, and four counts of possession of drugs, defendant-appellant Hughie Attaway appeals from the sentence imposed by the trial court.
 {¶ 2} Attaway asserts the sentence complies with neither Ohio sentencing laws nor the United States Supreme Court opinion in Blakelyv. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. This court cannot agree. Therefore, his sentence is affirmed.
 {¶ 3} Attaway's case stemmed from a call placed to the Cleveland Police Department by a manager of a drugstore on West 130th Street. The manager indicated a store customer left some film for processing; the finished film depicted many pornographic images of adult females. Detective Jason Steckle of the Sex Crimes Unit received the assignment to investigate.
 {¶ 4} Steckle obtained the images along with the name and address of the person who left the film for processing, and proceeded to the neighborhood of that address. Using a few of the benign images, he located a woman who recognized one of the subjects as her daughter. When he displayed some of the more sexually explicit images, the woman not only identified her daughter in the photographs, but also stated she saw Attaway's hand in the picture.
 {¶ 5} Steckle inquired further to learn that Attaway had been a friend of the family for years and the woman and her daughter often visited his home; in fact, the rooms of his home were depicted as background in the images. Steckle subsequently asked the daughter if she had posed for the sexually explicit photographs; the daughter claimed she had not even known of their existence. Indeed, in them, she appeared to be unconscious.
 {¶ 6} Steckle obtained a search warrant for Attaway's home. The search yielded additional sexually explicit photographs, along with four different types of illegal substances. Steckle identified some of the other victims portrayed in the additional photographs by questioning persons who worked at the restaurant Attaway managed. Each of the victims remembered Attaway had offered her beverages during her social visit at his home; each additionally could recall an occasion when she awoke the following morning with no memory of the previous evening.
 {¶ 7} As a result of this investigation, Attaway was indicted on ninety-five counts. He was charged with eleven counts of kidnapping, thirty-four counts of rape, thirty-four counts of gross sexual imposition, and twelve counts of felonious assault; each of the foregoing carried either a sexual motivation specification, a sexually violent predator specification, or both. The final four counts charged him with possession of drugs.
 {¶ 8} Attaway's case proceeded to a jury trial. However, after the testimony of only one of the victims, Attaway notified the trial court he wished to accept the state's earlier offer of a plea agreement.
 {¶ 9} The trial court conducted a hearing on the matter. In exchange for Attaway's pleas of guilty, the state would amend the indictment to two counts of rape, one count of kidnapping with a sexual motivation specification, and four counts of possession of drugs. Attaway further agreed to stipulate to a determination he was a sexual predator. After a Crim.R. 11 colloquy, the trial court accepted Attaway's pleas and found him guilty of the charges.
 {¶ 10} The court proceeded immediately to sentencing. On the record, it considered the purposes and principles of the Ohio sentencing statutes along with the seriousness and "mitigating" factors it found applicable to Attaway's case, and decided to impose terms of incarceration that totaled twenty years, i.e., consecutive terms of seven years each on the rape convictions and six years on the kidnapping conviction, along with concurrent terms of nine months each for the drug convictions.
 {¶ 11} The court recognized Attaway had not previously served a prison term, but decided to depart from the minimum because it would "demean the seriousness of [his] conduct and would not adequately protect the public." The court further found that consecutive sentences were "necessary to fulfill the statute," were "not disproportional to the seriousness of his conduct and the danger to the public" posed by Attaway, and that the harm caused by his offenses was unusual. The court reasoned Attaway had "committed one offense after another" upon different victims over a long period of time in a "calculated and premeditated manner" without any sign of conscience.
 {¶ 12} Attaway presents the following sole assignment of error for review in this appeal:
 {¶ 13} "The trial judge erred in sentencing the appellant to a non-minimum, consecutive sentence."
 {¶ 14} Attaway argues that in pronouncing a term of incarceration that totaled twenty years, the trial court complied with neither the applicable Ohio sentencing statutes nor the United States Supreme Court's decision in Blakely v. Washington, supra.
 {¶ 15} Initially, he asserts the trial court did not adequately justify its decision to impose more than the minimum term for each offense upon him, since the record reflects he was a person who previously had not served a prison term. This court disagrees.
 {¶ 16} The trial court's comments demonstrate it deviated from the minimum terms because it specifically found one "of the two statutorily-sanctioned reasons" warranted that decision. State v. Comer,99 Ohio St.3d 463, 469, 2003-Ohio-4165; State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110. In accordance with R.C. 2929.14(B), it stated that a minimum term for any of the three first-degree felonies Attaway committed would "demean the seriousness of" his conduct. Statev. Dedrick, Cuyahoga App. No. 83336, 2004-Ohio-2845, ¶ 14.
 {¶ 17} Next, Attaway asserts the trial court failed to engage in a "proportionality" analysis. This court has held, however, that pursuant to R.C. 2929.11(B), the trial court need only make comments that reflect it considered that aspect of the statutory purpose in fashioning the appropriate sentence. Id. at ¶ 16. The transcript of the hearing demonstrates the trial court complied with this duty. State v. Brumley,
Cuyahoga App. No. 82723, 2003-Ohio-6871, ¶ 8.
 {¶ 18} Attaway does not directly utilize R.C. 2929.14(E)(4) to challenge the trial court's decision to impose consecutive terms in this case, apparently since the transcript of the hearing demonstrates compliance with that statute. See, e.g., State v. Le, Cuyahoga App. No. 84429, 2005-Ohio-881, ¶ 15-17. Instead, he asserts the length of the sentence imposed upon him violates his Sixth Amendment right to trial by jury, as enunciated in Blakely, supra. This court disagrees.
 {¶ 19} Pursuant to Apprendi v. New Jersey (2000), 540 U.S. 466 at 490, any fact, other than the fact of a prior conviction, that increases a penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. In Blakely, at 2537, the United States Supreme Court held the "statutory maximum" for Apprendi
purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." That holding recently was reiterated in United States v. Booker (2005), 543 U.S. ___, 125 S.Ct. 738, which stated that a defendant has the right to have a jury find the existence of "any particular fact" that the law makes essential to punishment.
 {¶ 20} When considering consecutive sentences for Blakely purposes, this court has addressed the issue en banc in State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707, 84729. Therein, this court held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely.
 {¶ 21} This court via Lett thus subscribes to the following analysis, as stated by the Ohio First District Court of Appeals in State v.Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018, ¶ 16:
 {¶ 22} "Apprendi, Blakely and Booker only concerned the limits of punishment for one specific crime. * * * To apply Blakely to the imposition of consecutive sentences would be to unnecessarily expand the Sixth Amendment jurisprudence articulated by the Supreme Court. Further, federal courts have consistently held that the imposition of consecutive sentences does not violate the Sixth Amendment if the individual sentence for each count does not exceed the statutory maximum for the corresponding offense. Ohio courts have held the same." (Footnotes omitted.)
 {¶ 23} In this case, the statutory maximum sentence Attaway could receive for committing three felonies of the first degree was thirty years. His sentence of twenty years falls within this range; therefore, it is not improper. State v. Lett, supra; State v. McIntosh, Hamilton App. No. C-040280, 2005-Ohio-1760; State v. Hill, Cuyahoga App. Nos. 84846, 84847, 2005-Ohio-1501; cf., State v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923.
 {¶ 24} For the foregoing reasons, Attaway's assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. concurs Gallagher, J. concurs in judgment only(see separate opinion)
 CONCURRING IN JUDGMENT ONLY